UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONNA M. WOLCOTT,  )<br>    Petitioner,  )<br>)<br>v.  )<br>)<br>SUPERIOR COURT DIVISION OF THE  )<br>TRIAL COURT OF MASSACHUSETTS,  )<br>    Respondent,  )<br>)  | CIVIL ACTION<br>NO. 14-30175-TSH |

**ORDER**
**September 25, 2015**

**HILLMAN, D.J.**

**Background**

Donna M. Wolcott ("Wolcott" or "Petitioner") filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1)("Petition") alleging as her sole ground for relief that the sentencing law applicable to her, Mass.Gen.L.ch. 279, §5 is unconstitutionally vague under the Fourteenth Amendment to the United States Constitution. On December 8, 2014, the Responded filed a motion to dismiss (Docket No. 7) on the grounds that because Petitioner had served her sentence prior to filing her Petition, her Petition must be dismissed for lack of jurisdiction based on mootness. On January 21, 2015, the Court allowed that motion as follows: "No opposition having been filed, the motion to dismiss for lack of jurisdiction is granted for the reasons state in Respondent's memorandum." *See Docket Entry No. 14.* This Order addresses *Petitioner's Motion To Alter Or Amend Judgment Pursuant To Fed. R.*

*Civ. Pro. For 59(e)*[sic.] (Docket No. 18), which was filed on February 13, 2015. For the reasons set forth below, that motion is *denied*.

## Discussion

Wolcott asserts that the Court's determination that her Petition should be dismissed for lack of subject matter jurisdiction "is a manifest error of law and fact." In support, Wolcott contends that the Court dismissed her claim for failure to file an opposition.   This is a clear mischaracterization of the Court's order. While the Court noted that no opposition had been filed, the matter was dismissed "*for the reasons state in Respondent's memorandum.*" See *Docket Entry No. 14*. This Court is well aware that a court may not automatically treat Petitioner's failure to file an opposition to a motion to dismiss as a procedural default warranting dismissal irrespective of whether the Petition has merit, *that is*, the Court cannot simply allow the motion to dismiss as a sanction failure to oppose the motion. *Cf. Pomerleau v. West Springfield Public Schools,* 362 F.3d 143 (1st Cir. 2004).   At the same time,

> Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures' or to 'advance arguments that could and should have been presented to the district court prior to judgment.' That a district court may not, without notice, dismiss the plaintiff's complaint as a sanction for the failure to file an opposition does not mean that the non-responding plaintiff is relieved of his or her duty 'to incorporate all relevant arguments in the papers that directly address a pending motion.' Thus, a plaintiff who fails to raise any substantive legal arguments prior to the dismissal of his or her complaint is appropriately limited under Rule 59(e) to challenging the court's decision as a manifest error of law.

*Id.*, 362 F.3d at 147 n. 2 (internal citations and citations to quoted cases omitted)

The Respondent argued in his memorandum in support of the motion to dismiss that the Petition must be dismissed because the fact that Wolcott was sentenced to time-served after she filed her Petition moots the sole ground for relief raised in her Petition, *i.e.*, because her sentence

is complete, there is no longer a "live case or controversy." Responded reasserts that argument in his opposition to the instant motion.

Wolcott contends that her challenge to her sentence serves to challenge the constitutionality of her conviction and therefore, since she was "in custody"[1] on the day she filed her Petition, her claim is not moot. However, I agree with Respondent that the only claim raised by Wolcott in her Petition is to the constitutionality of her sentence—she has *not* challenged the constitutionality of her underlying conviction.[2] "In cases challenging the validity of a criminal conviction, the court is permitted to 'presume the existence of collateral consequences sufficient to satisfy the case controversy requirement ….'  However, a petition for habeas corpus challenging only a sentence and no the underlying conviction is not entitled to a presumption that collateral consequences to the incarceration exist." *Deal v. Bellneir*, 2015 WL 778235 (E.D.N.Y. Feb. 24, 2015); *Johnson v. Metrish*, No. 2:07-CV-12265, 2010 WL 2231902 , **1-2 (E.D.Mich. Jun. 3, 2010)(where habeas petitioner chooses to attack only his sentence, and not underlying conviction, and that sentence expires during course of the habeas proceeding, the claim for relief is moot).   In the latter case, the burden is on the petitioner to "[identify] some ongoing 'collateral consequenc[e]' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'" *United States v. Juvenile Male*, --U.S.--,--, 131 S. Ct. 2860, 2864 (2011)(citation to quoted case omitted).

---

[1] For purposes of this discussion, I will assume that the "in custody" requirement has been met.

[2] Wolcott filed a direct appeal of her conviction to the Massachusetts Appeals Court. *See Commonwealth v. Wolcott*, 85 Mass.App.Ct.118 (2014)(unpublished). In that appeal, Wolcott's challenged her conviction and the constitutionality of the sentencing statute for common law crimes as separate and distinct issues. *See Id.*   Since the attorney representing Wolcott in this matter is the same attorney who represented her in the state court with respect to her underlying conviction/sentencing and her direct appeal therefrom, it is reasonable to assume that the decision not to challenge her conviction in this proceeding was a deliberate one.

3

In this case, Wolcott essentially argues that the case and controversy requirement is met because if the sentencing provision is struck down as unconstitutional, her conviction would necessarily be vacated.   However, none of the authority cited by Wolcott supports this proposition.   Since her only challenge is to the constitutionality of her sentence, the burden is on Wolcott to identify ongoing collateral consequences that could be redressed by a favorable judicial decision. She had not identified any such consequences. Wolcott also argues that her Petition is not moot because her case is one that is capable of repetition yet evades review and therefore, fits within one of the express exceptions to the mootness requirement. This exception applies where " '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.' " *Juvenile Male*, -- U.S. at --, 131 S. Ct. 2860(citation to quoted case omitted). Because Wolcott has not established the second prong, *i.e.*, that there is a reasonable expectation that she would be convicted of a crime that would be subject to the same sentencing provision, she cannot meet this exception. Because the case or controversy requirement is not satisfied in this case, Wolcott's Petition is moot. Therefore, her motion to alter or amend the judgment is denied.

## *Certificate of Appealability*

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate

whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003). Wolcott is not entitled to a certificate of appealability because her request for habeas relief is now moot.

## Conclusion

Petitioner's Motion To Alter Or Amend Judgment Pursuant To Fed. R. Civ. Pro. For 59(e) [sic.] (Docket No. 18), is ***denied***.   A certificate of appealability is ***denied*** as Petitioner has failed to make a substantial showing of the denial of a constitutional right.


/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE